**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BARRY D. GIVENS, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 3:10-CV-01164-L** |
| **v.** | ) | |
| | ) | |
| **EDDIE DEEN & CO. CATERING,**[1] | ) | |
| | ) | |
| **Defendant.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge for pretrial

management.  Before the Court for consideration are Defendant's Motion to Dismiss Plaintiff's

Complaint ("Motion," doc. 13); Defendant's Motion to Dismiss Plaintiff's Amended Motion,

("Second Motion," doc. 19); and Defendant's Motion to Dismiss Plaintiff's Second Amended

Complaint ("Third Motion," doc. 22.)  Plaintiff filed his Complaint in this case on June 11, 2010

(doc. 1).  On June 28, 2010, this Court issued Plaintiff a Questionnaire to clarify his claims (doc. 7).

Plaintiff filed a response on July 21, 2010 (doc. 8).  On September 29, after an initial screening, the

Court ordered the case to be served.  In response to Defendant's Motion, filed October 25, 2010,

Plaintiff filed an "Amended Complaint and Response" doc. 18.  In response to Defendant's Second

Motion, filed November 30, 2010, Plaintiff filed a "Second Amended Complaint and Response"

(doc. 21).  In response to Defendant's Third Motion, Plaintiff filed a Response (doc. 24).  The Court

has thoroughly considered all of Defendant's motions and all of Plaintiff's pleadings and responses.

---

[1] Plaintiff incorrectly named his former employer in the complaint as "Eddie Deen & Co. Catering."
Defendant's correct name is Eddie Deen & Co., Inc.  The Clerk of Court shall correct the docket
sheet to reflect Defendant's correct name.

**<u>Standard of Review</u>**

In determining whether dismissal should be granted under Rule 12(b)(6), a court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). To defeat the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (Citation and footnote omitted.) However, legal conclusions need not be accepted as true. *Ashcroft v. Iqbal*, ___U.S.___129 S.Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 544).

**<u>Plaintiff's Allegations</u>**

Plaintiff alleges that his employer discriminated against him based on his race, African American (doc. 24). He claims that as a black male, for years he has been able to tell when he is discriminated against (*Id.*). Plaintiff states that his employer is in Terrell, Texas and the dominant race of the employees is Caucasian. He claims the number of African American employees is second; and the number of Hispanic employees is third. He alleges that 90% of the Hispanics are illegal immigrants. He claims that on or about October 28, 2010, the United States Immigration and Customs Enforcement arrested a long time Hispanic employee of Eddie Deen Co. for selling illegal

drugs and for being an illegal immigrant. He claims this is representative of the kind of people employed by Eddie Dean.

Plaintiff alleges that his termination was wrongful, stating that he was given a termination notice stating that he was stealing from Eddie Dean Co. Plaintiff was told two employees signed statements stating that had witnessed him stealing. Plaintiff asked what he had stolen and who saw him stealing. He did not receive an answer. Plaintiff asked to meet with the owner and said that he had an eye witness who was present at the time he was accused of stealing. Plaintiff was told to clock out and come back the next day. When he went to work the next day, he was told not to clock in but to come back the next day to meet with the owner. He went to payroll to pick up his weekly check and was given an envelope with three checks in it. On Saturday, February 27, 2010, he received a phone call to come on Monday, March 1, 2010 to meet with the owner. Plaintiff appeared with his witness and met with the owner. Plaintiff asked someone to show the owner the termination notice that accused him of stealing, but was told it had been discarded. The owner then asked Plaintiff and his witness to leave the office so they could discuss the situation. The owner came out and told Plaintiff to apologize to the people who had made the false accusations against him. Plaintiff told the owner that he did not feel that he owed them an apology for falsely accusing him of stealing and threatening him with the loss of his job. The owner wrote a new termination notice stating the reason for termination was "inability to understand how to create great experiences in fellow workers and owner." The owner told him to sign the termination notice or just leave it; that either way, he was terminated. Plaintiff states that he never heard of a company policy such as this, and that such a policy does not exist. He alleges that he was hired as a Contract Yard Worker, then promoted to Maintenance Manager and promoted again to Fleet Manager. All of his promotions

were within the two years that he worked at the company. He claims that he was hired to do labor work, not to entertain his fellow workers. Plaintiff signed up for unemployment compensation and the former employer did not contest it.

Plaintiff concludes that some of the illegal Hispanics were prejudiced against him because of his promotions and that they complained to the owner who granted their wish to get rid of him. Plaintiff feels his was discriminated against and terminated without just cause for refusal to apologize for something he did not do, to justify a lie. Plaintiff's termination notice states that the owner would rehire Plaintiff "if he could understand that his job is to create great experiences in the consciousness of the customer, fellow workers and employer."

The Court must determine whether Plaintiff states a claim of race discrimination under Title VII of the Civil rights Act of 1964. Plaintiff claims that he knows what discrimination feels like because he is black, and he feels like Defendant discriminated against him because of his race by firing him. Plaintiff complains of discrimination against others and says he has witnesses to prove the "accusations and treatment that this company directed towards myself (Barry Givens) as well as to themselves." Both Plaintiff's allegations and his allegations of the content of his witnesses testimony are entirely conclusory statements that are unsupported by any facts. The Hon. Sam A. Lindsay recently held that a complaint must "set forth the allegations in sufficient detail to provide fair notice of the nature of the claim and to state a right to relief above the speculative level." *Whitworth v. Mouser Electronics, Inc*., No. 3:10-CV-1134-L, 2010 WL 4628068, at *3 (N.D. Tex. Nov. 8, 2010) (Lindsay, J.); *Twombly*, 550 U.S. at 555.

Facts are what actually happened, such as the fact that Plaintiff was promoted three times in a two-year period of employment. Plaintiff's "feelings" that he was the victim of racial

discrimination, however strong, are not facts. The Court also points out that many of Plaintiff's allegations, such as the immigration status and arrests of other employees and the notation that his family is suffering due to the loss of his job are not relevant here. The Court is unable to glean from Plaintiff's allegations any facts to support a claim that he was a victim of racial discrimination in employment. He does not state any facts that show his employer terminated him because of his race, any facts that show his employer treated him disparately from similarly situated white employees for work-rule violations under circumstances nearly identical to his, nor any facts that support any other kind of employment discrimination. Plaintiff's latest Amended Complaint fails to meet the requirements of Rule 8 and those necessary to survive a motion to dismiss under FED. R. CIV. P. 12(b)(6). Plaintiff is proceeding *pro se*. Although Plaintiff has amended his complaint in an attempt to comply with these rules, he has done so without guidance regarding what constitute facts. He should be given a final opportunity to state his best case by filing an amended complaint.

## Recommendation

The Court recommends that the District Court deny without prejudice Defendant's motions to dismiss (docs. 13, 19, and 22) and allow Plaintiff to file a final amended complaint within 10 days of the Order accepting this recommendation. If Plaintiff fails to file a final amended complaint that meets the requirements of Rule 8 and that is sufficient to survive a rule 12(b)(6) motion, the District Court should dismiss this action pursuant to Rule 41(b) or Rule 12(b)(6).

SO RECOMMENDED, December 30, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).